SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss ("Motion") filed by defendants City of Carson ("City") and City of Carson Mobilehome Park Rental Review Board ("Board") (collectively "Defendants") against plaintiff Colony Cove Properties, LLC ("Plaintiff"). (Docket No. 12). Also before the Court is a motion to file an amicus curiae brief, filed by the Pacific Legal Foundation ("PLF").[1/] (Docket No. 21.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing scheduled for February 2, 2009 is vacated, and the matter taken off calendar.

**I.    Background**

Plaintiff alleges that it owns the Colony Cove Mobile Estates mobilehome park in the City of Carson (Compl. ¶ 14), which it acquired in April of 2006 (Id. ¶ 59). Plaintiff is subject to a rent control ordinance ("Ordinance") that was enacted in 1979. (Id. ¶ 18.) The Ordinance applies only to mobilehome parks. (Id. ¶ 23.) The purpose of the Ordinance is to "protect the homeowners who rent spaces in mobilehome parks in the City from excessive rents and to allow Park Owners to earn a 'just and reasonable' or 'fair' return on investment." (Defs.' Mot., Ex. D, Guidelines p. 1 ("Guidelines").[2/] It

---

[1/]    Defendants oppose PLF's motion to file an amicus curiae brief. If all parties do not consent, an amicus curiae brief from a private party may be filed only with leave of the Court. Fed. R. App. P. 29(a). "The district court has broad discretion to appoint amici curiae." Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982). The Court finds that it is appropriate to allow PLF's brief to be filed. Accordingly, PLF's motion is granted. The Court has considered PLF's brief, and has discussed it where appropriate below.

[2/]    Defendants request that the Court take judicial notice of the following documents in support of the Motion: (A) the City's Rent Control Ordinance, Carson Municipal Code, art. IV, ch. 7, §§ 4700–4711 ("Ordinance"), (B) City Council Ordinance No. 79-485U, enacted August 20, 1979,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

contains a rent lock-in provision that prevents rent increases, even if a mobilehome changes ownership. (Id. ¶¶ 48–50.) However, the Ordinance permits a park owner to file an application for a general rent increase with the City. (Id. ¶ 28.) Decisions on rent increase applications are based on consideration of eleven non-exclusive factors. (Compl. ¶ 28; Defs.' Ex. A, Ordinance § 4704(g).) The Ordinance states that "the Board shall consider the[se]. . . factors and any Guidelines adopted by the City Council, as well as any other relevant factors, in making its determination and not one (1) factor shall be determinative." (Id.) "No one factor in the Ordinance is determinative and the factors must be considered in light of the purposes of the Ordinance and all the relevant evidence." (Defs.' Ex. C, Guidelines § I(D).) "The Ordinance does not mandate the use of any formula or guarantee increases equal to the increase in the CPI, or any percentage of the CPI." (Id.) "The Board shall grant such rent increases as it determines to be fair, just and reasonable. A rent increase is fair, just and reasonable if it protects Homeowners from excessive rent increases and allows a fair return on investment to the Park Owner." (Id. at §§ I(A), I(D).)

---

adopting the Ordinance, (C) City Council Resolution No. 98-010, enacted February 17, 1998, adopting Guidelines for Implementation of the Mobilehome Space Rent Control Ordinance ("Guidelines"), (D) City Council Resolution No. 06-149, enacted October 31, 2006, amending the Guidelines, (E) the City's Mobilehome Park Rental Review Board ("Board") Resolution No. 2008-256, adopted on August 6, 2008, granting Plaintiff a rent increase under the Ordinance, (F) Board Resolution Nos. 2004-226, 2004-227, and 2004-230, adopted in 2004, granting rent increases to park owners using the Maintenance of Net Operating Income methodology, (G) Reporter's Transcript of Proceedings on Motion to Enforce Writ, Colony Cove Properties, LLC v. Carson Mobilehome Park Rental Review Board, Los Angeles County Superior Court Case No. BS106676, Nov. 3, 2008, (H) Notice of Related Case, filed by Plaintiff in Carson Harbor Village, Ltd. v. City of Carson, Los Angeles County Superior Court Case No. BS112239, (I) California Secretary of State Corporate Filing Information and Officers for Colony Cove Properties, LLC, Carson Harbor Village, Ltd., Goldstein Properties, Inc., and El Dorado Palm Springs, L.P., (J) "News for Mobilehome Park Owners," Nov. 2008 Ed., Newsletter published by Plaintiff's counsel Gilchrist & Rutter, P.C. Defendants also request that the Court take judicial notice of the following documents in support of their Reply: (Reply A) Carson Municipal Code, art. IX, ch. 1, § 9128.21, (Reply B) City of Carson Urgency Ordinance No. 07-1373U, enacted March 21, 2007, (Reply C) 1984, 1986, 2004 and 2008 State of California Certificates of Limited Partnership for Carson Harbor Village, Ltd. Rule 201 of the Federal Rules of Evidence permits judicial notice only of adjudicative facts that are not subject to reasonable dispute, are generally known, and are capable of accurate and ready determination. F.R.E. 201(a)–(b). The Court finds that Defendants' exhibits I, J, and Reply C are irrelevant and declines to take judicial notice of them. However, the Court takes judicial notice of all of Defendants' remaining exhibits. "Facts subject to judicial notice may be considered on a motion to dismiss." Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987). "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

      The Ordinance created the Board, which receives, hears, and determines applications for rent increases. (Compl. ¶ 19.) In addition to the Ordinance, the City has also adopted "Guidelines for Implementation of the Mobilehome Space Rent Control Ordinance" ("Guidelines") for use by the Board. (Id. 20; Defs.' Ex. C, Guidelines.) The Guidelines permit a mobilehome park owner to file a rent increase application for a rent increase greater than that permitted by application of the general rent increase factors in the Ordinance if such a rent increase is necessary for the park owner to earn a "fair return." (Id. ¶ 41; see also Defs.' Ex. C, Guidelines § IV.) The Guidelines are "intended to assist the Board in implementing the Ordinance. However, the purpose of the Ordinance and the provisions of the Ordinance are controlling." (Defs.' Ex. C, Guidelines p. 1.) The Guidelines provide methodologies that the Board may consider to evaluate a rent increase application. (Id. at §§ II–VI.) One of the methodologies that the Board "may consider" is a gross profit maintenance ("GPM") methodology. (Id. at § II(B).) The GPM methodology "is not intended to create any entitlement to any particular rent increase." (Id.)

      Plaintiff refers to the Ordinance and Guidelines combined as a "Rent Control Scheme." (Id. ¶ 20.) Despite the clear language of the Ordinance and Guidelines, Plaintiff alleges that the Board has no discretion with respect to applying the Guidelines.[3] (Compl. ¶ 21.) However, Plaintiff also alleges that the Board "has discretion in the selection of methodologies" that it uses to evaluate a rent increase application. (Id. ¶ 29.) The Guidelines were amended on October 31, 2006 through City Council Resolution No. 06-149. (Id. ¶ 30; Defs.' Ex. D ("Guidelines Amendment").) The Resolution did not amend the Ordinance. (Defs.' Ex. D, Guidelines Amendment.) This amendment changed the Guidelines, in relevant part, by adding a new quantitative methodology to evaluate rent increase applications, called the maintenance of net operating income analysis ("MNOI analysis"), that the Board may, in its discretion, use. (Compl. ¶ 30; see also Defs.' Ex. D, Guidelines Amendment § 2.) Plaintiff alleges that the MNOI analysis does not consider a park owner's debt interest expenses in determining an appropriate rent increase. (Compl. ¶ 30.) Plaintiff also alleges that Defendants' MNOI analysis is improper because it does not base net operating income on a base income level prior to enactment of the rent control ordinance (Id. ¶¶ 32, 35–36), and it then fails to use the proper base year income in order to adjust for inflation (Id. ¶¶ 33, 37–39). The Board is not required to use the MNOI analysis. Rather, the Guidelines Amendment added it as a methodology that the Board "may also consider." (Defs.' Ex. D, Guidelines Amendment § 2.) The addition of the MNOI methodology to the Guidelines "is not intended to create any entitlement to any particular rent increase." (Id. § 2.) The Guidelines' purpose also changed from combating rapidly increasing mobilehome rents created by a serious shortage of

---

    [3]    The Court need not accept as true legal conclusions alleged in a complaint "merely because they are cast in the form of factual allegations." W. Mineral Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Moreover, "Plaintiffs cannot . . . create a justiciable case or controversy simply by misreading statutes . . . ." Id. at 626.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

mobilehome rental spaces, to assuring the supply of affordable housing within the City of Carson. (Id. ¶ 40.)

Plaintiff alleges that the Ordinance and Guidelines artificially increase the value of mobilehomes. (Compl. ¶¶ 49–56.) Plaintiff also alleges that the Board and City staff routinely manipulate park expenses and income to deny owners fair and reasonable rents. (Id. ¶ 26.)

Plaintiff alleges that when it purchased the mobilehome park, it did so with the expectation that it would be able to obtain a rent increase high enough to properly service its debt, because at that time the "Rent Control Scheme" provided the GPM methodology as an option for calculating rent increases that included debt maintenance. (Compl. ¶¶ 59–64.) According to Plaintiff, the 2006 amendments to the Guidelines changed this (Id. ¶ 64), however the Court notes that the amended Guidelines still provide the option to use the GPM methodology (Defs.' Ex. C, Guidelines § II(B); Defs.' Ex. D, Guidelines Amendment.).

On or about September 28, 2007, Plaintiff submitted general and fair return rent increase applications to the City. (Id. ¶ 76.) Plaintiff alleges that the City and Board unreasonably, arbitrarily, and capriciously disallowed, prorated, or capitalized $889,438 in operating expenses in an effort to overstate the Park's profitability. (Id. ¶ 77.) Plaintiff asserts that it presented evidence that a rent increase of approximately $200 per space per month was necessary for it to earn a fair return on its investment, even using the City's allegedly incorrect view of Colony Cove's expense numbers. (Id. ¶ 82.) City staff recommended a $15.65 per space per month rent increase, allegedly without having an expert perform a fair return analysis as required. (Id. ¶¶ 83-84.) After approximately a year, the Board ultimately approved a $36.74 per space rent increase. (Id. ¶¶ 86-87.) Plaintiff asserts that, even as adjusted, Colony Cove is certain to operate at a loss and there are no other remedies available to it under the Rent Control Scheme. (Id. ¶ 88.)

On the basis of these facts, Plaintiff brings 42 U.S.C. § 1983 claims for: (1) a facial violation of due process rights, (2) an as-applied violation of due process rights, (3) a facial Fifth Amendment taking (consisting of (a) a regulatory taking under Penn Central, (b) a physical taking, and (c) a private taking), (4) an as-applied Fifth Amendment taking, and (5) a facial equal protection violation. Plaintiff further brings claims for (6) declaratory relief and (7) writ of administrative mandate under California Code of Civil Procedure § 1094.5.

## II. Motion to Dismiss Standard

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

### III. Analysis

As an initial matter, Plaintiff concedes that its facial equal protection claim is foreclosed under the holding of Equity Lifestyle Props., Inc. v. County of San Luis Obispo, 548 F.3d 1184, 1195 (9th Cir. 2008). (See Opp. 27.) Accordingly, Defendants' Motion as to this claim is granted.

#### A. Ripeness

Defendants argue that Plaintiff's facial and as-applied takings claims, and facial and as applied substantive due process claims, must be dismissed as unripe. To bring a takings claim in federal court based on state action, a plaintiff must satisfy a two-prong test. First, a plaintiff must demonstrate that "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 105 S. Ct. 3108, 3116, 87 L. Ed. 2d 126 (1985). Second, the plaintiff must have sought, and been denied, "compensation through the procedures the State has provided for doing so." Id. at 194, 195, 105 S. Ct. at 3120, 3121; see also, Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 734, 117 S. Ct. 1659, 1665, 137 L. Ed. 2d 980 (1997).

##### 1. Facial Takings Claim

While as-applied takings challenges must meet both prongs, facial takings challenges need only meet the second prong. San Remo Hotel v. City of San Francisco, 145 F.3d 1095, 1101–02 (9th Cir. 1988). "[T]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." Williamson, 473 U.S. at 186, 105 S. Ct. at 3116. Thus, under the second Williamson prong, the plaintiff must have sought, and been denied, "compensation through the procedures the State has provided for doing so." Id. A narrow exception exists when the state does not have a "reasonable, certain and adequate provision for obtaining compensation . . . at the time of the taking." Williamson, 473 U.S. at 194, 105 S. Ct. at 3120. Here, Defendants assert that Plaintiff has failed to pursue an available adequate state remedy. The parties dispute whether the second Williamson prong applies to Plaintiff's facial takings claim, and whether an adequate state remedy exists. The court

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

need not reach the issue of whether the Williamson ripeness doctrine applies, however, because even if it does, Plaintiff's facial taking claims are ripe.

Assuming that the Williamson doctrine applies, there is a narrow exception to the doctrine that allows a plaintiff to avoid the requirements of the second Williamson prong if state procedures for compensation are "unavailable or inadequate." Williamson, 473 U.S. at 197, 105 S. Ct. 3122; Equity, 548 F.3d at 1191. The availability of an adequate state procedure for compensation is determined at the time the facial takings claim accrued. Id. at 1193. A facial takings claim accrues at the time the ordinance being challenged was enacted.[4] Id. (citing Carson Harbor Village, Ltd. v. City of Carson, 37 F.3d 468, 476 (9th Cir. 1994), overruled on other grounds in WMX tech. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)). Here, the Ordinance that Plaintiff challenges was enacted in 1979. California's inverse condemnation procedure, which has been determined to be an adequate procedure for compensation, City of Monterey v. Del Monte Dunes, Ltd., 526 U.S. 687, 721, 119 S. Ct. 1624, 1644, 143 L. Ed. 2d 882 (1999); San Remo Hotel, 145 F.3d at 1102, was not available until 1987. Equity, 548 F.3d at 1193 (citing Schnuck v. City of Santa Monica, 935 F.2d 171, 173 (9th Cir. 1991) (stating that "[p]rior to the Supreme Court's decision in First English Evangelical Lurtheran Church [482 U.S. 304, 107 S. Ct. 2378, 96 L. Ed. 2d 250 (1987)] we . . . excused such failures [to seek compensation] in California because California provided no remedy in damages for a taking by a regulatory ordinance, but gave only injunctive or declaratory relief.")). Moreover, an alternative remedy for takings arising from a rent control ordinance, the Kavanau adjustment, was not established until 1997.[5] Equity, 548 F.3d at 1190–91 (citing Kavanau v. Santa Monica Rent Control Bd., 16 Cal. 4th 761, 66 Cal. Rptr. 2d 672, 941 P.2d 851 (1997)). Thus, in 1979, no adequate state procedure for compensating for a regulatory taking existed. Accordingly, Plaintiff need not satisfy the second Williamson prong, and its facial takings claims are ripe.

2. Facial Due Process Claim

The parties dispute whether the second Williamson prong applies to a facial due process claim, but the Court need not address this issue because, even if the second prong did apply, there was no adequate state procedure available when the claim accrued in 1979. (See discussion above.) Thus, the Court must determine if Plaintiff's facial due process claim meets the first, "Final Decision," Williamson prong.

Plaintiff concedes that its facial substantive due process claim must satisfy the first, "Final Decision," Williamson prong. (Mot. 16 (stating "Colony Cove's due process claims (the First and

---

[4] See further discussion in Section III(B), below.

[5] See further discussion in Section III(A)(3), below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

Second claims for Relief) . . . need only satisfy the first of the two Williamson County requirements.") However, it is not clear that a facial due process claim must satisfy the first prong because while as-applied takings challenges must meet both prongs, facial takings challenges need only meet the second prong. San Remo Hotel, 145 F.3d at 1101–02. If a facial regulatory takings claim need not satisfy the first prong, there is no clear reason why a due process claim asserting that an ordinance, on its face, denied the plaintiff substantive due process rights, would require a final administrative decision applying the ordinance — after all, it is the ordinance itself that is alleged to have caused the injury. Neither the parties nor the Court have located any cases in which a court required that plaintiff satisfy the first Williamson prong in order to bring a ripe facial substantive due process claim. Indeed, the only case the Court could find directly addressing this issue held that the first Williamson prong does not apply to facial due process claims. See County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 164 (3rd Cir. 2006) (stating that the "Final Decision" prong "does not apply, however, for facial attacks on a zoning ordinance, i.e., a claim that the mere enactment of a regulation either constitutes a taking without just compensation, or a substantive violation of due process or equal protection.") (emphasis in original). In Hacienda Valley Mobile Estates v. City of Morgan Hill, 353 F.3d 651, 655 (9th Cir. 2003), the Ninth Circuit appears to have considered a facial takings claim and equal protection claim together, and found that the first Williamson prong did not apply. However, assuming without deciding that the first Williamson prong does apply to Plaintiff's facial substantive due process claim, Plaintiff satisfies this prong.

To satisfy the first Williamson prong, a plaintiff must demonstrate that "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." Williamson, 473 U.S. at 186, 105 S. Ct. at 3116. "[T]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement [second prong] generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision . . ." Williamson, 473 U.S. at 193, 105 S. Ct. at 3120. Indeed, the "Final Decision" prong does not require "resort beyond the 'initial decision-maker'[.]" Hacienda, 353 F.3d at 657 (quoting Williamson, 473 U.S. at 193, 105 S. Ct. at 3120).

Here, Plaintiff's application for a rent increase was granted, but the increase allowed was significantly less than what Plaintiff requested, and that Plaintiff contends that it needs. Courts have determined that a decision granting or denying a rent increase application is a final decision. Indeed, in Carson Harbor Village, Ltd. v. City of Carson, 353 F.3d 824, 828 (9th Cir. 2004), the Ninth Circuit noted that a decision on a rent increase application by the same Board that is a Defendant in this case, involving the same rent control Ordinance, constituted a final decision for purposes of ripeness under Williamson. Many other courts have also held that a decision on a rent increase application is a final decision. See, e.g., Manufactured Home Communities, Inc. v. City of San Jose, 420 F.3d 1022, 1035 (9th Cir. 2005) ("MHC"); Hacienda, 353 F.3d at 657. Accordingly, Plaintiff's facial substantive due process claim is ripe.

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

3. As-Applied Takings Claim

The as-applied takings claim must meet both the Williamson prongs. San Remo Hotel, 145 F.3d at 1101–02. As discussed in the previous section, the Board's decision on Plaintiff's rent increase application constituted a final decision, and thus Plaintiff has satisfied the first Williamson prong. The Court therefore turns to the second Williamson prong to determine if Plaintiff has been denied, "compensation through the procedures the State has provided for doing so." Williamson 573 U.S. at 194, 195, 105 S. Ct. at 3120, 3121.

There is no dispute that Plaintiff never commenced an inverse condemnation action. However, takings claims involving a rent control ordinance are treated differently than typical regulatory taking claims. In a case involving a rent control ordinance, a plaintiff must seek compensation at the state level through a Kavanau adjustment. The Kavanau adjustment procedure originated in Kavanau v. Santa Monica Rent Control Board, 16 Cal. 4th 761, 66 Cal. Rptr. 672, 941 P.2d 851 (1997), and Galland v. City of Clovis, 24 Cal. 4th 1003, 103 Cal. Rptr. 2d 711, 16 P.3d 130 (2001). It establishes

> California's procedure for seeking just compensation after a local rent control board denies an adjustment requires petitioners to file a writ of mandamus in state court. If the writ is granted, the property owner may seek an adjustment of future rents before the local rent control board. The rent control board is supposed to take the past improper denial into account when calculating the future adjustment. The future adjustment is called a Kavanau adjustment. The writ and the Kavanau adjustment must be pursued before any inverse condemnation or § 1983 action may be pursued in state court.

MHC, 420 F.3d at 1036 n.16. "California's creation and implementation of the Kavanau adjustment process provides 'an adequate procedure for seeking just compensation, [and] the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.'" Equity, 548 F.3d at 1192 (quoting Williamson, 473 U.S. at 195, 105 S. Ct. 3018).

Plaintiff does not dispute that it never sought a Kavanau adjustment. However, it argues that it should not be required to seek a Kavanau adjustment because to do so is futile. The futility argument "relies on a narrow exception to the second prong of the Williamson test, which allows a claimant to bypass state procedures if such procedures are shown 'unavailable or inadequate.'" Id. (quoting Williamson, 473 U.S. at 197, 105 S. Ct. at 3122). Plaintiff bears the burden of establishing that the Kavanau adjustment is inadequate. Austin v. City and County of Honolulu, 840 F.2d 678, 680 (9th Cir. 1987) (stating that plaintiff "bears the burden of establishing that state remedies are inadequate."). "The

SEND
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

futility exception is narrow, and mere uncertainty does not establish futility." MHC, 420 F.3d at 1035. Plaintiff has not met its burden.

      As an initial matter, Plaintiff may be foreclosed from arguing futility unless it has previously attempted to obtain a Kavanau adjustment and failed to obtain compensation. MHC, 420 F.3d at 1036 (rejecting futility argument when no Kavanau adjustment was attempted because "'[t]he Supreme [C]ourt has indicated that at least one application must be submitted before the futility exception applies." (quoting Kinzli v. City of Santa Cruz, 818 F.2d 1449, 1454 (9th Cir. 1987)).

      Even if Plaintiff need not have attempted a Kavanau adjustment to bring a futility argument, the Ninth Circuit has repeatedly considered and rejected arguments that the Kavanau procedure is futile. See, e.g., Equity, 548 F.3d at 1191–92; MHC, 420 F.3d at 1035–36; Carson Harbor, 353 F.3d at 830; Hacienda, 353 F.3d at 658–660. Plaintiff specifically argues, and alleges in its Complaint, that (1) the Kavanau adjustment process is plagued by serious delay (Compl. ¶¶ 161, 166), (2) the Kavanau adjustment entrusts the fashioning of a remedy to the same rent control board that committed the constitutional violation in the first place (Id. at ¶¶ 161, 168), and (3) landowners cannot obtain compensation for "losses stemming from the difference between the rents to which they are entitled and those being collected" during the pendency of the Kavanau litigation (Id. ¶ 161). These arguments fail.

      First, "[a]lthough the facts alleged by a plaintiff are assumed to be true under a motion to dismiss, the court need not accept baseless allegations as proof of futility." MHC, 420 F.3d at 1035 (also noting that the court is "not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (internal quotation omitted)). Speculative allegations of futility are insufficient. Carson Harbor, 353 F.3d at 830. Here, Plaintiff has not attempted to use a Kavanau adjustment, and therefore its allegations about the Kavanau adjustment's futility are speculative.

      Second, each of Plaintiff's arguments has been expressly considered and rejected by the Ninth Circuit. See Equity, 548 F.3d at 1191–92 (rejecting argument that a landowner will lose the money from rents being collected during pendency of Kavanau litigation because California law expressly provides that such losses shall be recovered in the rent adjustment); Carson Harbor, 353 F.3d at 830 (rejecting argument that reconsideration by same local rent control review board is futile); Hacienda, 353 F.3d at 659 (rejecting argument that reconsideration by same local rent control review board is futile and rejecting argument that the Kavanau adjustment involves an unconstitutional delay).

      Plaintiff also argues that a Kavanau adjustment is futile on the facts of this case because Plaintiff would have to charge wildly above-market rates to recoup what it is owed, and the Board would never approve such a dramatic increase. (Mot. 19.) This argument is completely speculative. Moreover, should the Board deny Plaintiff's adjustment, it is still free to bring an inverse condemnation action, Carson Harbor, 353 F.3d at 829, or its § 1983 claims, supposing no other impediment exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

Both Plaintiff in its Complaint (Compl. ¶ 166), and PLF in its amicus brief (Amicus 5–6), assert that only one landowner has successfully obtained a Kavanau adjustment in the twelve years it has been available. However, this statistic is meaningless without knowing how many landowners have attempted to obtain an adjustment in that period. PLF further argues that Kavanau effectively restored the Agins[6/] rule that was rejected in First English, 482 U.S. at __, 107 S. Ct. at 2386. The Ninth Circuit has expressly rejected this argument. Carson Harbor, 353 F.3d at 829 ("We do not read Kavanau and Galland as reinstating the Agins rule."). Accordingly, the Court rejects Plaintiff's argument that seeking a Kavanau adjustment is futile.

Finally, Plaintiff and PLF assert that the Williamson ripeness requirements are prudential, not jurisdictional, and thus the Court can disregard these ripeness requirements if the facts of the case support doing so. See Suitum, 520 U.S. at __, 117 S. Ct. at 1664 & n.7; McClung v. City of Sumner, 548 F.3d 1219, 1224 (9th Cir. 2008). "'Prudential considerations of ripeness are discretionary . . . .'" McClung, 548 F.3d at 1224 (quoting Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1142 (9th Cir. 2000)). In McClung, the court "assume[d] without deciding" that a physical takings claim was ripe because "the facts presented raise only prudential concerns." Id. at 1224. Here, Plaintiff has provided no compelling reason for the Court to exercise its discretion to ignore the requirements of Williamson. The facts of this case do not appear to raise merely prudential concerns. Plaintiff simply has not sought compensation for a taking using the procedures California has provided. Thus, the Court finds it appropriate to allow the State the opportunity to evaluate Plaintiff's claims and determine if compensation is warranted. Accordingly, Plaintiff's as-applied regulatory takings claim is unripe.

      4.      As-Applied Due Process Claim

Defendants assert that Plaintiff's as-applied due process claim is unripe. As discussed above, Plaintiff's claim clearly satisfies the first Williamson prong. Plaintiff asserts that the second Williamson prong does not apply to as-applied due process claims.

In Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1404 (9th Cir. 1989), overruled on other grounds by Armendariz v. Penman, 75 F.3d 1311 (9th Cir. 1996), overruled on other grounds by Crown Point Dev. v. City of Sun Valley, 506 F.3d 851 (9th Cir. 2007), the Ninth Circuit explicitly held that a plaintiff need not satisfy the second Williamson prong to bring an as-applied due process claim. However, the Supreme Court in Williamson itself states:

---

[6/]     Agins v. City of Tiburon, 24 Cal. 3d 266, 157 Cal. Rptr. 372, 598 P.2d 25 (1979), held that no compensation, but only injunctive or declaratory relief, was available for takings.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

> In sum, respondent's claim is premature whether analyzed as a deprivation of property without due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment.

Williamson, 473 U.S. at 200. In St. Clair v. City of Chico, 880 F.2d 199, 202 (9th Cir. 1989), the Ninth Circuit stated that as-applied substantive due process claims are "subject to the same ripeness standards that are applied generally to constitutional challenges of land use regulations." However, there the court rejected a due process claim on the first, not the second Williamson prong. Id. at 202–04. Because it is not clear whether the second Williamson prong applies to Plaintiff's as-applied substantive due process claim, the Court assumes without deciding that it is ripe.

  B.  Statute of Limitations

  The applicable statute of limitations for claims filed under § 1983 is determined by looking to the statute of limitations for state law personal injury suits in the state in which the challenged action occurred. Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947, 85 L. Ed. 2d 254 (1985); Equity, 548 F.3d at 1193 n.15. In California, personal injury claims which accrued prior to January 1, 2003 were subject to a one-year statute of limitations. Id. Claims which accrued after January 1, 2003 are subject to a two-year statute of limitations. See Cal. Code Civ. P. § 335.1; Canatella v. Van De Camp, 486 F.3d 1128, 1132–33 (9th Cir. 2007).

  Here, there is no question that Plaintiff's as-applied due process claim is timely, as its application for a rent increase was granted on August 6, 2008, and the action was filed on October 27, 2008. However, Plaintiff's facial claims appear to be time-barred. The statute of limitations on facial challenges to an ordinance begins to run when the ordinance is enacted. Equity, 548 F.3d at 1193 n.15 (citing De Anza Props. X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1085 (9th Cir. 1991); Action Apartment Ass'n v. Santa Monica Rent Control Opinion Bd., 509 F.3d 1020, 1027 (9th Cir. 2007). The Ordinance challenged here was enacted in 1979. Thus, Plaintiff's facial claims accrued in 1979, and those claims were subject to a one-year statute of limitations, which has long since passed. Additionally, the first portion of Plaintiff's claim for declaratory relief, which seeks a declaration that the Ordinance violates the due process clause and Fifth Amendment on its face, is also time-barred. See Levald v. City of Palm Desert, 998 F.2d 680, 688–89 (9th Cir. 1993).

  Plaintiff asserts that the October 31, 2006 amendments to the Guidelines, in effect, amended the Ordinance, and thus the statute of limitations began anew for its facial claims. Substantive amendments to an existing rent control ordinance give rise to a new cause of action if they "alter[] the effect of the ordinance on" the plaintiff. Action, 509 F.3d at 1027. Here, however, the Ordinance was not amended. Neither the Guidelines nor the Guideline Amendments are codified. Plaintiff provides no authority to suggest that an uncodified amendment to uncodified guidelines is the equivalent of an amendment to an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

ordinance. Moreover, Plaintiff has provided no authority indicating that a plaintiff may successfully bring a facial challenge to uncodified guidelines that are applied at an administrative body's discretion.[7]

Even if Plaintiff could challenge the Guidelines, the Guidelines do not significantly alter the effect of the Ordinance on Plaintiff. The Court need not accept Plaintiff's bald allegations that the Guidelines do so. See Sprewell, 266 F.3d at 988 (noting that a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Here, Plaintiff asserts that the Guidelines incorporated a new method to calculate a rent increase that does not include costs a property owner may have to service debt. However, the Ordinance states that the Board "shall consider the following factors[8] and any Guidelines adopted by the City Council, as well as any other relevant factors, in making its determination and no one (1) factor shall be determinative." (Defs.' Ex. A, Ordinance, § 4704(g) (emphasis added).) The Ordinance permits the Board to use any formula it chooses that meets the purposes of the Ordinance, whether or not that formula was mentioned in the Guidelines. (Defs.' Ex. A, Ordinance, § 4707(g).) The Guidelines themselves state that "[t]hese Guidelines are intended to assist the Board in implementing the Ordinance. However, the purpose of the Ordinance and the provisions of the Ordinance are controlling." (Defs.' Ex. C, Guidelines, p. 1.) The Guidelines further state that the formulas provided in them are "not intended to create any entitlement to a particular rent increase" (Defs.' Ex. C, Guidelines § 2), and "[t]he Ordinance does not mandate the use of any formula . . . ." (Id. at § I(D).)[9] Thus, the Court finds that the Guidelines did not significantly alter the effect of the Ordinance on Plaintiff. Accordingly, Plaintiff's facial claims, and the declaratory relief claim based upon them, are time-barred.

     C.     <u>As-Applied Substantive Due Process Claim is Not Cognizable</u>

---

[7] Plaintiff suggests that the Federal Sentencing Guidelines are an appropriate example of guidelines that have a significant impact. However, Plaintiff provided no authority to suggest that an amendment to the Federal Sentencing Guidelines has the effect of amending the United States Criminal Code.

[8] As discussed above, the Ordinance itself provides several factors to consider in evaluating a rent increase application.

[9] It is not entirely clear from the Complaint whether Plaintiff's facial claims are directed at the Ordinance, the Guidelines, or both, as they merely state that the "Rent Control Scheme" is unconstitutional. Supposing that Plaintiff intends to allege facial claims with respect to the Guidelines themselves, but not the Ordinance, those claims would not be time-barred. However, for the reasons discussed above regarding the discretionary nature of the Guidelines, such a claim would fail on the merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

  Plaintiff's as-applied substantive due process claim is the sole remaining federal claim. The "Due Process Clause prohibits States from infringing <u>fundamental</u> liberty interests, unless the infringement is narrowly tailored to serve a compelling state interest." <u>Lawrence v. Texas</u>, 539 U.S. 558, 593, 123 S. Ct. 2472, 2491–92, 156 L. Ed. 2d 508 (2003) (emphasis in original). No fundamental constitutional right to "raise rents to reflect 'general market conditions'" appears to exist. <u>Besaro Mobile Home Park, LLC v. City of Fremont</u>, 2006 WL 2990201, at *4 (N.D. Cal. Oct. 19, 2006).

  However, even if there was such a right, "[t]he touchstone of due process is protection of the individual against arbitrary actions of the government," undertaken "in the exercise of power without any reasonable justification in the service of a legitimate governmental objective[.]" <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 845–46, 118 S. Ct. 1708, 1716, 140 L. Ed. 2d 1043 (1998) (citing <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558, 94 S. Ct. 2963, 2976, 41 L. Ed. 2d 935 (1974); <u>Daniels v. Williams</u>, 474 U.S. 327, 331, 106 S. Ct. 662, 664, 88 L. Ed. 2d 662 (1986)).

  Not all arbitrary executive action is cognizable as a substantive due process claim. Due process is "not a font of tort law to be superimposed upon whatever systems may already be administered by the States[.]" <u>Paul v. Davis</u>, 424 U.S. 693, 701, 96 S. Ct. 1155, 1160–1161, 47 L. Ed. 2d 405 (1976). Rather, "the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." <u>Sacramento</u>, 523 U.S. at 847, 118 S. Ct. at 1717 (quoting <u>Collins v. Harker Heights</u>, 503 U.S. 115, 128, 112 S. Ct. 1061, 1070, 117 L. Ed. 2d 261 (1992)). Indeed, "the cognizable level of executive abuse of power [is] that which shocks the conscience[,]" and "violates the decencies of civilized conduct." <u>Sacramento</u>, 523 U.S. at 846, 118 S. Ct. at 1717. Due Process claims are limited to "egregious official conduct[.]" <u>Id.</u> at 846, 118 S. Ct. at 1716 (internal quotation omitted). Usually only "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." <u>Id.</u> at 849, 118 S. Ct. at 1718 (citation omitted).

  Here, Plaintiff alleges that the Board reviewed Plaintiff's rent increase application, applied a methodology of analysis that Plaintiff alleges is unfair, and awarded a rent increase that Plaintiff says is too small. Even if such action was arbitrary, it in no way rises to a level that "shocks the conscience." <u>See, e.g.</u>, <u>City of Cuyahoga Falls v. Buckeye Cmty Hope Found.</u>, 538 U.S. 188, 198–99, 123 S. Ct. 1389, 1396, 155 L. Ed. 349 (2003) (rejecting claim that city engineer's refusal to issue building permits while petition challenging approval of development plan was pending violated due process because it "in no sense constituted egregious or arbitrary government conduct.")

  While Plaintiff implies that Defendants may be purposely thwarting Plaintiff's attempts to obtain a higher rent increase because Defendants are biased toward mobilehome owners (<u>see</u> Compl. ¶¶ 7, 27, 38), such conduct is not conscience shocking, nor is it "intended to injure in some way unjustifiable by any government interest . . . ." <u>Sacramento</u>, 523 U.S. at 849, 118 S. Ct. at 1718. Rather, supposing these allegations are true, as the Court must on a motion to dismiss, Defendants' conduct is driven by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

legitimate government interest: to prevent rent gouging of captive mobilehome owners and to keep mobilehome housing affordable. The purpose of the Ordinance is to "protect the homeowners who rent spaces in mobilehome parks in the City from excessive rents and to allow Park Owners to earn a 'just and reasonable' or 'fair' return on investment." (Defs.' Mot., Ex. D, Guidelines p. 1). See, e.g., Pennell v. City of San Jose, 485 U.S. 1, 13, 108 S. Ct. 849, 858, 99 L. Ed. 2d 1 (1988) (recognizing that rent control ordinance serves legitimate public purpose); Equity, 548 F.3d at 1194 (recognizing that mobilehome rent control ordinances serve legitimate public purpose, and describing protecting owners from unreasonable price increases, etc.); Carson Harbor, 37 F.3d at 472 (9th Cir. 1994), overruled on other grounds by WMX, 104 F.3d at 1136 (explicitly finding Defendants' Ordinance to be related to legitimate public purpose and describing protecting owners from unreasonable price increases, etc.). Even if Plaintiff's allegations are true, the Board's conduct is in accordance with this purpose and, at most, might be portrayed as overzealous. The Board's actions are not "conscience shocking," and as a result, Plaintiff fails to state a cognizable substantive due process claim. Plaintiff's claim for declaratory relief, to the extent that it seeks a declaration that the Board's actions constituted an unconstitutional violation of Plaintiff's substantive due process rights, fails for the same reasons.

      D.      Supplemental Jurisdiction Over Claim for Writ

Plaintiff's seventh claim is a state law claim that seeks a writ of mandate pursuant to California Code of Civil Procedure § 1094.5. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Here, the Court has dismissed all of Plaintiff's federal claims. Moreover, the Kavanau adjustment process in which Plaintiff must engage involves seeking the same writ from state court. Thus, there is significant potential for inconsistent rulings, and the Board and City might be faced with two inconsistent injunctions and be forced to choose with which one they should comply. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's writ claim.

## Conclusion

For the foregoing reasons, Defendants' Motion is granted. Plaintiff's as-applied taking claim, and the part of the claim for declaratory relief that is predicated on it, are dismissed without prejudice. Plaintiff's facial taking claim, facial due process claim, as-applied due process claim, and the associated parts of its declaratory relief claim, are dismissed with prejudice. The Court declines to exercise

**SEND**<br>**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08–7065 PA (JWJx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | Colony Cove Props., LLC v. City of Carson, et al. | | |

supplemental jurisdiction over Plaintiff's state law writ claim.  Pursuant to 28 U.S.C. § 1367(d), this Order acts to toll Plaintiff's statute of limitations on its state law writ claim for a period of thirty (30) days unless state law provides for a longer tolling period.

    IT IS SO ORDERED.

                                                                                                                                                    _____ : _____

                                                                                      Initials of Preparer